Juan J. ARANDA, Appellant,

v.

STATE of Texas, Appellee.

No. 04–81–00075–CR.

Court of Appeals of Texas, San Antonio.

Oct. 14, 1981.

the course of the trial, but counsel has not included page references to those portions of the record reflecting the erroneous actions.

We find, therefore, that appellant's brief filed herein is not in compliance with Tex. Code Crim.Pro.Ann. art. 40.09, § 9 (Vernon 1979). We order that the instant appeal be abated and the cause remanded to the trial court. Upon remand, the trial court shall either appoint new appellant counsel to prepare and file a proper brief, or direct appellant's present counsel to submit a brief which complies with said statute. See also, Tex.Cr.App.R. 202. Said brief is to be filed with this court not later than ninety (90) days from the date of this order. No extensions of time to file said brief will be granted. `

Robert Everett L. Looney, Austin, for appellant.

Olivero E. Canales, Laredo, for appellee.

Before BUTTS, ESQUIVEL and CANTU, JJ.

## OPINION

BUTTS, Justice.

This case involves an appeal from a conviction for capital murder, in which punishment was assessed at life imprisonment.

We have made a preliminary inspection of the record, in which the pretrial testimony, voir dire examination, trial testimony and post-trial proceedings consume over 3,000 pages. Appellant's counsel, retained initially and then subsequently appointed by the trial court, filed a brief raising nineteen (19) grounds of error. In one page marked "Authorities," he lists in numerical order of his grounds of error cases, statutes and constitutional provisions relating to only seven (7) of his nineteen (19) grounds. There is no argument other than the list of cases. Several of his grounds of error relate to alleged improprieties occurring in